IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ADAM VALLEJOS,

    Plaintiff,

vs.                                    No. CV 17-00671 MV/JHR

CORIZON MEDICAL G.C.C.F.

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court *sua sponte* under 28 U.S.C. §§ 1915A and 1915(e)(2)(B) on the Complaint (Tort) filed by Plaintiff Adam Vallejos (Doc. 1). The Court will dismiss the Complaint without prejudice for failure to exhaust administrative remedies.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Adam Vallejos is proceeding pro se and *in forma pauperis* under 28 U.S.C. § 1915. (Doc. 4). Vallejos is a prisoner incarcerated at the Guadalupe County Correctional Facility ("GCCF") in Santa Rosa, New Mexico. (Doc. 1 at 1, 6). Plaintiff Vallejos filed his Prisoner Civil Rights Complaint asserting jurisdiction pursuant to 42 U.S.C. § 1983. (Doc. 1 at 2). Vallejos names, as Defendants, Corizon Medical G.C.C.F. and Nurse Practitioner K. Allen. (Doc. 1 at 1, 2). Plaintiff asserts Eighth and Fourteenth Amendment claims for alleged deprivation of medical care at GCCF. (Doc. 1 at 2-4).

Plaintiff Vallejos alleges that he was infected with the Hepatitis C virus in 1994 through a tattoo, and was advised that he had Hepatitis C by prison medical providers when he was incarcerated in 2003. (Doc. 1 at 2-3). Vallejos claims that he was recently advised by nursing staff at GCCF that he no longer has Hepatitis C and has been taken off the Chronic Clinic list to

1

check liver enzymes. He believes this is "due to saving money and not carring (sic) for my health."
(Doc. 1 at 2). Vallejos' Request for Relief states:

> my request is to be compensated financially and to be givin proper medication to cure the HepC Virios and watch my enzyme levels. Not taken of the Chronic Clinic list altogether and to maintain and stop the Virious from spreading at the rate it is spread.

(Doc. 1 at 7) (errors in the original).

In response to the question whether he has exhausted administrative remedies, Plaintiff Vallejos checked the "No" box. (Doc. 1 at 5). His explanation for not exhausting the available administrative remedies states "[t]hese remedies were not exhausted due to possible retaliation or in the past not being responded to when remedies were tryed (sic)." (Doc. 1 at 5).

## ANALYSIS OF PLAINTIFF VELLEJOS' CLAIMS

### 1. The PLRA's Administrative Exhaustion Requirement

The Prison Litigation Reform Act ("PLRA") states in pertinent part: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA's exhaustion requirement applies to all inmate suits about prison life and conditions, whether they involve general circumstances or particular events, and whether they allege excessive force or some other alleged violation of rights. *Porter v. Nussle*, 534 U.S. 516, 532 (2002). The administrative exhaustion requirement includes claims related to prison medical care. *See Price v. Shinn*, 178 F. App'x 803, 804 (10th Cir. 2006).

The PLRA's administrative exhaustion requirement is mandatory. As the Supreme Court explained in *Porter*,

> [o]nce within the discretion of the district court, exhaustion in cases covered by §

> 1997e(a) is now mandatory. All available remedies must now be exhausted; those remedies need not meet federal standards, nor must they be plain, speedy, and effective. Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. And unlike the previous provision, which encompassed only § 1983 suits, exhaustion is now required for all action[s] . . . brought with respect to prison conditions, whether under § 1983 or any other Federal law.

534 U.S. at 524 (citations omitted) (internal quotation marks omitted). "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007). Further, the district court does not have discretion to excuse a failure to exhaust. *See Miller v. French,* 530 U.S. 327, 337 (2000); *see also Woodford v. Ngo*, 548 U.S. 81, 90 (2006) ("Exhaustion is no longer left to the discretion of the district court, but is mandatory."). Exhaustion thus is a precondition to filing a suit, and "an action brought before administrative remedies are exhausted must be dismissed without regard to concern for judicial efficiency." *Ruppert v. Aragon*, 448 F. App'x 862, 863 (10th Cir. 2012).

Even where a prisoner seeks only money damages through a lawsuit brought under federal law, the PLRA requires that he or she first to "complete a prison administrative process that could provide some sort of relief on the complaint stated, but no money" before filing suit. *Booth v. Churner*, 532 U.S. 731, 734 (2001). Thus, "even where the 'available' remedies would appear to be futile at providing the kind of remedy sought, the prisoner must exhaust the administration remedies available." *Patel v. Fleming*, 415 F.3d 1105, 1109 (10th Cir. 2005) (citing *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002)). It is only once the inmate has completed the administrative process for the relief available through the prison administrative process that the inmate will be found to have satisfied the exhaustion requirement for his prison conditions claim under federal law. *See Ross v. Cty. of Bernalillo,* 365 F.3d 1181, 1187 (10th Cir. 2004), *abrogated in part on other grounds by Jones*, supra.

## 2. **Plaintiff Vallejos Has Not Exhausted His Administrative Remedies**

On the face of his Complaint, Plaintiff Vallejos admits that although administrative remedies are available, he has not exhausted those remedies. (Doc. 1 at 5). Plaintiff indicates that he did not attempt to file an administrative grievance or complaint with GCCF. (Doc. 1 at 5). It thus is clear from his Complaint that Plaintiff Vallejos has failed to exhaust administrative remedies as required by the PLRA.

Plaintiff states that he did not exhaust his administrative remedies because prison officials might retaliate against him and/or might not respond to his administrative grievance or complaint. (Doc. 1 at 5). There are no exceptions to the PLRA's mandatory exhaustion, however, regardless of whether an inmate has such concerns. Nor may this Court excuse Plaintiff's failure to exhaust administrative remedies, even in the face of such concerns.

As explained above, the PLRA's administrative exhaustion requirement is a mandatory precondition to filing a civil rights claim for damages arising out of prison conditions. Plaintiff Vallejos thus pursue his prison condition claims in thus Court until he has exhausted his administrative remedies. Under controlling precedent, the Court is constrained to dismiss Vallejos' Complaint without prejudice for failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a). *See Jones*, 549 U.S. at 215 (complaint is subject to dismissal where affirmative defense is clear on the face of the complaint).

**IT IS ORDERED** that the Prisoner's Civil Rights Complaint filed by Plaintiff Adam Vallejos (Doc. 1) is **DISMISSED without prejudice** for failure to exhaust administrative remedies as required by 42 U.S.C.A. § 1997e(a).

_____
UNITED STATES DISTRICT JUDGE